HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANA BONGIOVANNI, | CASE NO. C11-6068 RBL |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| WORLD FINANCIAL NETWORK NATIONAL BANK RECOVERY, | [DKT. #14] |
| Defendant. | |

**I. SUMMARY**

THIS MATTER is before the Court on Defendant World Financial Network Bank ("WFNB")'s Motion for Summary Judgment [Dkt. #14]. WFNB argues that Plaintiff's Fair Debt Collection Practices Act claims and her Washington Collection Agency Act claims fail as a matter of law.

The case arises out of a Victoria's Secret credit card issued by WFNB's predecessor to Plaintiff Bongiovanni in 2001. She ran up a balance of $978.22 and did not pay. On July 28 2011, Plaintiff received a letter regarding the account. This letter forms the basis for all of Plaintiff's claims in this lawsuit.

1  The letter purports to be from "World Financial Network National Bank Recovery

2  Department," and is signed by Rhianna Brown, Recovery Director of Operations.  The letter

3  informs Plaintiff that her account has been "written off as a bad debt" and "forwarded to World

4  Financial Network National Bank Recovery Department."  The letter informs Plaintiff of the

5  "next steps" that bank's Recovery Department "will take."  Specifically, it will "begin reviewing

6  the account to determine appropriate steps to protect" the Bank's interest.  These include "a

7  review to determine if legal action should be taken."  It informs the Plaintiff that "our

8  organization" has retained [a] law firm" and that "other steps may include assigning your

9  account to a third party Collection Agency for further collection activities." [Dkt. # 18-1]

10  Plaintiff claims that the letter violates the FDCPA and the WCAA.  Defendant  seeks

11  judgment as a matter of law based on its claim that (1) it is a creditor under the FDCPA (2) it is

12  not a debt collector under the FDCPA, and (3) it is not a collection agency under the WCCA.

## II. DISCUSSION

**A.  Summary Judgment Standard.**

15  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

16  file, and any affidavits show that there is no genuine issue as to any material fact and that the

17  moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining

18  whether an issue of fact exists, the Court must view all evidence in the light most favorable to

19  the nonmoving party and draw all reasonable inferences in that party's favor.  *Anderson Liberty*

20  *Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

21  A genuine issue of material fact exists where there is sufficient evidence for a reasonable

22  factfinder to find for the nonmoving party.  *Anderson*, 477 U.S. at 248.  The inquiry is "whether

23  the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

24  one-sided that one party must prevail as a matter of law."  *Id*. At 251-52.  The moving party

bears the initial burden of showing that there is no evidence which supports an element essential

to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant

has met this burden, the nonmoving party then must show that there is a genuine issue for trial.

*Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

U.S. at 323-24.

**B.  WFNB is not a debt collector under the FDCPA.**

A debt collector is "any person in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due *another*." 15 U.S.C. §1692a(6) (emphasis

added). But it does not include a person seeking to collect a debt owed "which was originated by

such person." 15 U.S.C. §1692a(6)(F). In other words, a creditor seeking, for itself, to collect

debts it originated, does not make it a debt collector for purposes of the FDCPA.

Plaintiff argues that the use of the name "Recovery Department" in the bank's letter

constitutes an effort to collect a debt in a name other than its own. Therefore, she claims, even

though the bank was a creditor, it was also a debt collector.

Plaintiff also argues that 15 U.S.C. §1692j imposes liability on "any person."  But it only

does so if and to the extent such a person uses a form letter to create the false impression that

some third party is participating in the debt collection:

> **(a)** It is unlawful to design, compile, and furnish any form knowing that such
> form would be used to create the false belief in a consumer that a person other
> than the creditor of such consumer is participating in the collection of or in an
> attempt to collect a debt such consumer allegedly owes such creditor, when in fact
> such person is not so participating.

1    Plaintiff's lawsuit is based on her claim that the July 28 letter either made WFNB a debt

2    collector itself, or made it liable as a debt collector for creating the false impression that some

3    third party was involved in the debt collection. These alternate arguments are equally unavailing.

4    First, the addition of the words "Recovery Department" to the name of the bank does not

5    make the "Recovery Department" a third party seeking to collect the debt for the actual creditor.

6    It is not "a name other than [the creditor's] own name."  No reasonable person would conclude

7    that the Recovery Department is some third party entity.

8    Nor does the reference to the bank's legal counsel suggest, imply, or in any way convey

9    the impression that the law firm was participating in the debt collection process, when it was not.

10   To the contrary, the letter clearly and accurately stated that the *creditor bank* was—in the

11   future—going to commence a review, which *could* lead to additional steps, including referral to

12   the law firm, or to a collection agency.

13   Plaintiff seeks a continuance of Defendant's Summary Judgment Motion, so that she may

14   conduct discovery into the various relationships and to determine whether WFNB is a debt

15   collector.  This request is denied. No amount of additional discovery could alter the conclusion

16   that the letter did not make WFNB a debt collector under the FDCPA as a matter of law.

17   Defendant's Motion on Plaintiff's FDCPA claims is GRANTED and those claims are

18   dismissed with prejudice.

19   **C.  WFNB is not a collection agency under the WCAA.**

20   For the same reasons, the Plaintiff's state law WCAA claim is dismissed.  That act

21   applies only to "collection agencies."  There is no evidence that the WFNB is a collection agency

22   under Washington law, as a matter of law.

23   Plaintiff's Motion to Amend is DENIED as futile; the letter does not violate the FDCPA

24   as a matter of law.

1      Plaintiff's claims are DISMISSED with prejudice, and any other pending Motions are

2  DENIED as moot.  The clerk is instructed to close this matter.

3      IT IS SO ORDERED.

4      Dated this 11th day of January, 2013.

5

6                                 _____

7                               Ronald B. Leighton
                                United States District Judge